**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------

SERAPIO LORENCIO BARCELONA, :
: Civil Action No. 12-7494 (SRC)
           Petitioner, :
:
           v. :
:
JANET NAPOLITANO, et al., :
: **OPINION**
           Respondents. :

---------------------------------------------------

**Chesler, District Judge**:

      Petitioner, a native and citizen of Belize and a pre-removal-period detainee confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a § 2241 petition challenging his mandatory detention without a bond hearing during his immigration proceedings.[1] See ECF No. 1. Petitioner was placed in immigration custody on October 24, 2012. See ECF No. 10, at 2; see also ECF No. 10-1, at 5. Two days later, immigration proceedings were commenced against him. See ECF No. 10-1, at 28-33. On November 27, 2012, he requested a continuance. See id. at 35-36. On January 23, 2013, he sought and was granted another continuance to file certain required documents. See id. at 38-39. On April 5, 2013, he was granted yet another continuance to file additional required documents. See id. at 41-42. On May 31, 2013, upon Petitioner's making a proper filing, his immigration judge ("IJ") scheduled a

---

[1] Petitioner named the Secretary of the Department of Homeland Security and his Warden as Respondents. The sole proper respondent is the Warden of the Hudson County Correctional Center, where Petitioner is in custody. See Rumsfeld v. Padilla, 542 U.S. 426 (2004); Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994). Accordingly, the Secretary of the Department of Homeland Security will be dismissed from this action with prejudice.

hearing on September 20, 2013.  See id. at 44-45.  On August 8, 2013, the IJ informed the parties that the hearing was rescheduled for November 22, 2013.  See id. at 47.

Pre-removal detention is governed by 8 U.S.C. § 1226 and case law thereunder. Section 1226 permits – and where the detainee has been convicted of an aggravated felony, mandates – detention during removal proceedings.  See, e.g., Demore v. Kim, 538 U.S. 510, 523 (2003) ("[D]etention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").  Nevertheless, the Due Process Clause impliedly dictates that a detention may become so prolonged that the detainee could become entitled to a hearing at which the government must prove that continued detention is justified.  See Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011); see also Demore, 538 U.S. at 532-33 (Kennedy, J., concurring).  The Court of Appeals in Diop declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.  See Diop, 656 F.3d at 233.  Rather, the reasonableness of pre-removal detention depends on the facts of each individual case and "hinges on the length of the delay and the reasons for the delay."  Id. at 234.  Hence, "[a] court will consider, for example, the extent to which delays were attributable to the detainee's requests for adjournments, or . . . to the immigration judge's errors or the government's sluggishness in obtaining evidence."  Wilson v. Hendricks, No. 12-7315, 2013 U.S. Dist. LEXIS 10737, at *8 (D.N.J. Jan. 25, 2013) (citing Diop, 656 F.3d at 234, and noting that, "[a]lthough there is no rigid rule, the range of acceptable delay can be divined (with caution) from the cases") (parenthetical in original).

In Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), the Ninth Circuit upheld a three-year pre-removal detention where the delay was largely attributed to the

2

alien's legal actions. In a nonbinding opinion, Contant v. Holder, 352 F. App'x 692 (3d Cir. 2009), the Court of Appeals for the Third Circuit relied on Prieto-Romero to uphold, as reasonable, a nineteen-month pre-removal delay occasioned primarily by the course of immigration proceedings and appellate review. See id. at 696 (habeas relief was not warranted since the removal process was well underway).

In Bulatov v. Hendricks, a judge in this District upheld a thirty-month detention. See No. 11-845, 2012 U.S. Dist. LEXIS 143671 (D.N.J. Oct. 4, 2012). In Bulatov, one third of that thirty-month period was attributable to the alien's requests for extensions filed with the Board of Immigration Appeals or the courts. Therefore, the Bulatov Court denied habeas relief noting that "although the end date of [the alien's] removal proceedings is uncertain, it surely is reasonably foreseeable." Id. at *19; see also Bete v. Holder, No. 11-6405, 2012 U.S. Dist. LEXIS 43438, at *1 (D.N.J. Mar. 29, 2012) (dismissing the petition because the alien "filed his § 2241 Petition when he was detained for only six months and his current detention of 12 months has not become unreasonable in length"); Maynard v. Hendrix, No. 11-605, 2011 U.S. Dist. LEXIS 142435, at *11 (D.N.J. Dec. 12, 2011) ("Petitioner filed his Petition approximately seven months after entering immigration detention, only a short time longer than the petitioner in Demore was detained, a period clearly not unreasonable . . . . By the time Respondent answered the Petition and moved to dismiss, approximately eleven months had elapsed"); accord Wilson, 2013 U.S. Dist. LEXIS 10737 (upholding a fourteen-month pre-removal detention without a bond hearing).

Here, the delay in immigration proceedings was predominantly caused by Petitioner's requests for adjournments. He asserted no errors committed by his IJ and no

wrongful, unduly dilatory tactics by Respondents.  Moreover, he filed the Petition at bar *less than a month-and-a-half* after being placed in immigration custody and, as of now, he has been held in confinement for less than fourteen months.

In light of Petitioner's circumstances, the Court is constrained to deny his Petition.  Such denial, however, is without prejudice to Petitioner's commencing a new § 2241 proceeding in the event his pre-removal-period detention becomes unreasonably prolonged.

An appropriate Order follows.


_____/s/_____
**Stanley R. Chesler**
**United States District Judge**

Dated: November 26, 2013